[Cite as *G.L. v. Briggs*, 2026-Ohio-3057.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

G. L.

    Appellee

v.

DENNIS BRIGGS

    Appellant

C.A. No.    2025CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2025CS0118

DECISION AND JOURNAL ENTRY

Dated: August 10, 2026

SUTTON, Judge.

**{¶1}** Appellant Dennis Briggs appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** This appeal arises from issuance of a Civil Stalking Protection Order ("CSPO") against Mr. Briggs by the Medina County Court of Common Pleas. In August 2025, G.L. filed a petition pursuant to R.C. 2903.214 for a CSPO against Mr. Briggs alleging that Mr. Briggs came into her place of employment making vulgar comments and that he "sits outside [her] job and watches [her] car." An ex parte CSPO was issued, and the matter was set for a full hearing in front of the magistrate. After the full hearing, the magistrate issued a five-year CSPO against Mr. Briggs and made the following relevant findings: (1) Mr. Briggs is homeless, and sleeps near G.L.'s place of employment; (2) by Mr. Briggs's own admission, at least three incidents took place; (3) Mr.

Briggs asked G.L. out on multiple occasions and asked to marry her and go home with her; (4) Mr. Briggs told G.L. what specific sex acts he would perform on her; (5) Mr. Briggs said he would take G.L. into the men's room; and (6) it is hard for G.L. to work, she is anxious all the time, and she parks around the building so Mr. Briggs does not see her truck.

{¶3} On September 18, 2025, Mr. Briggs filed a request for reconsideration of the magistrate's decision. At that time, Mr. Briggs did not order a transcript of the hearing before the magistrate, move for a transcript at public expense, or file an affidavit of the evidence before the magistrate. Mr. Briggs also filed a motion seeking a "500' map and [G.L's] schedule so he knows when he has to stay out of the area." On October 30, 2025, Mr. Briggs filed a motion for reduction of the protection order to "fifty feet."

{¶4} On November 3, 2025, the trial court treated Mr. Briggs's motion for reconsideration as objections to the magistrate's decision pursuant to Civ.R. 65.1(F)(3)(d) and overruled the objections. In a separate order, the trial court denied Mr. Briggs's "various motions filed between September 18, 2025, and October 30, 2025."

{¶5} Mr. Briggs filed a notice of appeal to this Court. The same day, Mr. Briggs filed a motion for a stay of the CSPO in the trial court, stating that "[o]n or about July 12, 2025, [he] approached [G.L.] in her truck and told her he wanted to get married so he could have sex[.]" In connection with his notice of appeal, Mr. Briggs filed a praecipe to the court reporter for the transcript of the full CSPO hearing before the magistrate. After he was notified that he would have to pay $323.30 for a transcript, Mr. Briggs moved for the transcript at public expense claiming he was indigent. The trial court denied the motions for stay and for the transcript.

{¶6} On appeal, Mr. Briggs raises six assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED WHEN IT ISSUED THE PROTECTION ORDER IN VIOLATION OF R.C. 2903.211(d)(1) WHICH REQUIRES TWO OR MORE INCIDEN[TS]. THERE WAS ONLY ONE.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED WHEN IT ISSUED THE PROTECTION ORDER AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED WHEN IT SAID BY RESPONDENT[']S OWN ADMISSION, AT LEAST THREE INCIDENTS TOOK PLACE. THERE WAS ONLY ONE.**

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED WHEN IT OMITTED THE FACT THAT [HE] TOLD [G.L.] "AFTER WE GOT MARRIED" I WAS LOOKING FORWARD TO HAVING SEX.**

### ASSIGNMENT OF ERROR V

**THE TRIAL COURT ERRED WHEN IT SAID [G.L.] HID HER TRUCK AT WORK. SHE NORMALLY PARKED IT RIGHT IN FRONT.**

{¶7} Mr. Briggs argues in his first five assignments of error that the trial court erred in its findings of fact and that the CSPO was against the manifest weight of the evidence. Mr. Briggs argues there was only one incident and therefore no "pattern of conduct" as defined by R.C. 2903.211(D)(1).

{¶8} R.C. 2903.214 governs CSPOs and provides that a petitioner may file a petition for a CSPO if the respondent has engaged in a violation of R.C. 2903.211, menacing by stalking. R.C. 2903.211(A)(1) provides in relevant part: "[n]o person by engaging in a pattern of conduct shall

knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person." A "pattern of conduct" is, "two or more actions or incidents closely related in time[.]" R.C. 2903.211(D)(1).

{¶9} In his appellate brief, Mr. Briggs alleges G.L. was standing in front of her place of employment "waving her very long hair back and forth looking back at" him. Mr. Briggs believed G.L. was "interested in [him.]" A few days later, he admitted he approached G.L. and said he was looking for a wife so he "could have sex." Mr. Briggs argues this is the only incident that occurred. The magistrate, however, found Mr. Briggs admitted that three incidents took place. Civ.R. 65.1(F)(3)(d)(iii) and (iv) provide that a party filing objections to the issuance of a civil protection order "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order," and "[o]bjections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Here, Mr. Briggs challenged the finding of the magistrate that there were multiple acts by Mr. Briggs constituting a pattern of conduct but did not support his objections with a transcript of the evidence or an affidavit of the evidence. Therefore, there is no record of the evidence presented to the magistrate and we cannot speculate what testimony was given at that hearing. *Florenz v. Omalley*, 2020-Ohio-4487, ¶ 15-16 (2d Dist.). Rather, we must presume the evidence supported the magistrate's findings. *See Kahler v. Eytcheson*, 2012-Ohio-208, ¶ 34 (2d Dist.). Where the objecting party's arguments are based on factual determinations, he is required to either submit a transcript or an affidavit of the evidence presented at the hearing

before the magistrate to support those objections. *Weitzel v. Way*, 2003-Ohio-6822, ¶ 22 (9th Dist.).

{¶10} Mr. Briggs argues in his first five assignments of error that the factual determinations made at the trial court level were erroneous and that the issuance of the CSPO was against the manifest weight of the evidence. As such, he was required to support his objections to the magistrate's decision with a transcript or affidavit of the evidence before the magistrate, which he failed to do. Accordingly, Mr. Briggs's assignments of error one through five are overruled.

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT ERRED BY NOT ISSUING INDIGENT TRANSCRIPTS IN VIOLATION OF OHIO REVISED CODE SECTION 2301.24 WHICH ALLOWS A TRIAL JUDGE TO REQUEST INDIGENT TRANSCRIPTS IN CIVIL CASES.**

{¶11} In his sixth assignment of error, Mr. Briggs argues the trial court erred in not requesting a transcript of the hearing before the magistrate pursuant to R.C. 2301.24, which provides in relevant part:

> The compensation for transcripts requested by the prosecuting attorney or an indigent defendant in criminal cases or by the trial judge in either civil or criminal cases, and for copies of decisions and charges furnished by direction of the court shall be paid from the county treasury and taxed and collected as costs.

{¶12} Mr. Briggs did not request a transcript prior to the trial court ruling on his objections. Mr. Briggs filed his objections on September 18, 2025. The trial court ruled on the objections on November 3, 2025. Civ.R. 65.1(F)(3)(d)(iv) provides in part: "The objecting party shall file the transcript or affidavit [of the evidence] with the court *within thirty days* after filing objections." (Emphasis added.) It appears Mr. Briggs is arguing the trial court should have *on its own* ordered a transcript of the full hearing before the magistrate before ruling on the objections.

This argument is not well-taken. Civ.R. 65.1(F)(3)(d)(iv) places the burden of filing the transcript or affidavit of the evidence on the objecting party.

{¶13} If Mr. Briggs was unable to afford a transcript due to indigence, the remedy would have been to file an affidavit of the evidence pursuant to Civ.R. 65.1(F)(3)(d)(iv). *See Gumins v. Ohio Dep't of Rehab. & Corr.,* 2011-Ohio-3314, ¶ 7 (10th Dist.) (a transcript is unavailable [for purposes of objecting to a magistrate's decision] if the litigant is indigent and cannot afford to procure the transcript.) *See also Stewart v. Hickory Hills Apts.,* 2015-Ohio-5046, ¶ 12 (9th Dist.) ("as we discussed in response to their first assignment of error, the Stewarts were not entitled to a transcript at public expense, it was their duty to obtain a transcript of the magistrate's hearing or provide to the trial court an affidavit of the evidence, assuming a transcript was unavailable.").

{¶14} Mr. Briggs did not take the steps necessary pursuant to Civ.R. 65.1 to ensure the evidence to support his objections to the magistrate's decision was provided to the trial court.

{¶15} Accordingly, Mr. Briggs's sixth assignment of error is overruled.

### III.

{¶16} For the foregoing reasons, Mr. Briggs's assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT


HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

DENNIS BRIGGS, pro se, Appellant.

G. L., pro se, Appellee.